[No. D035464. Fourth Dist., Div. One. July 28, 2000.]

KIMBERLY H., Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,
Real Party in Interest.

**COUNSEL**

Michael C. Bradfield and Judith Klein for Petitioner.

No appearance for Respondent.

John J. Sansone, County Counsel, Susan Strom, Chief Deputy County Counsel, Gary Seiser and Patrice Plattner-Grainger, Deputy County Counsel, for Real Party in Interest.

**OPINION**

**WORK, J.**—In July 1999, the San Diego County Health and Human Services Agency (the Agency) filed a dependency petition as to eight-month-old Isaiah C., alleging there was a substantial risk that he would suffer serious physical harm or illness as a result of Kimberly H.'s failure to

provide the necessities of life. (Welf. & Inst. Code[1] § 300, subd. (b).) The petition specifically alleged Kimberly left Isaiah with a relative, saying she would return the next day. Almost four months later, the relative contacted the Agency when she was no longer willing to care for Isaiah, having been unable to obtain medical aid for the chronically ill child.

Kimberly's history includes giving birth to two children who tested positive for methamphetamine with whom she failed to reunify. She has an extensive criminal record including robbery, auto theft, being under the influence of a controlled substance and prostitution. Kimberly was incarcerated at the time the petition was filed.

The court denied reunification services because Kimberly had failed to reunify with Isaiah's siblings and due to her chronic drug use history and failure to complete earlier treatment programs. (§ 361.5, subd. (b)(10), (12).) The court, however, ordered reunification services for the father, who was caring for a nondependent sibling.

At the time of the six-month review hearing in April 2000, the father was no longer visiting or participating in reunification services. The mother remained incarcerated with an anticipated release date of either the end of April or June 2000. She reported she had participated in parenting classes and drug treatment services while in prison and had arranged to enter a treatment program upon her release.

Kimberly requested that a contested hearing be set on the issue of substantial probability of return by the 12-month date. The court denied the request, concluded there was no substantial probability the child would be returned to the father within the next six months, and set the matter for a section 366.26 hearing. The court indicated a section 388 petition on Kimberly's behalf might be "appropriate at some point in the future."

Kimberly contends the court erred in denying her a contested hearing on the substantial probability of return. She seeks review by filing a petition for extraordinary relief. (§ 366.26, subd. (*l*); Cal. Rules of Court, rule 39.1B.) This court issued an order to show cause, offered oral argument, which was declined, and now reviews the merits of her contentions.

### DISCUSSION

 The question presented is whether a parent who has been denied reunification services under section 361.5, subdivision (b)(10) and (12) is

---

[1] All further statutory references are to the Welfare and Institutions Code.

entitled to set a contested hearing on the issue of substantial probability of return in the absence of a section 388 motion demonstrating a change of circumstances. As discussed below, we answer that question in the negative.

Section 361.5, subdivision (a) generally mandates that reunification services be provided to parents of dependent children. The Legislature, however, recognized the need to limit services to those circumstances where they are likely to be successful and included multiple grounds for denial of services at disposition. (§ 361.5, subd. (b)(1)-(14).) Where a court denies services, the dispositional hearing includes a permanency hearing and the court normally must determine whether a section 366.26 hearing should be set. (§ 361.5, subd. (f).) However, the court is precluded from scheduling a section 366.26 hearing so long as the other parent is receiving services under subdivision (a). Once Isaiah's father's services were terminated, there was no legal impediment to proceeding to the section 366.26 hearing. (§ 361.5, subd. (f).)

The Agency takes the position that under section 361.5, subdivision (f) once services are denied a parent, return to that parent is no longer an issue absent a section 388 petition. Rather, the court has determined that in the event reunification with the parent receiving services is unsuccessful, the child will receive an alternative permanent plan of adoption, guardianship, or long-term foster or relative care. Kimberly, on the other hand, argues she was entitled to a contested hearing because section 366 provides for the review of the status of a dependent child every six months to decide certain issues that may be contested by the parent. She contends that denial of services to a parent under section 361.5 does not affect that parent's right to a contested hearing.[2] Relying on *In re Joshua M.* (1998) 66 Cal.App.4th 458 [78 Cal.Rptr.2d 110], she argues that so long as one parent is being provided services, the other parent will have the opportunity to address problems and take steps that could open potential avenues to reunification.

Until completion of a section 366.26 hearing, section 366 requires the court to review the status of and make certain determinations as to a dependent child at least every six months. (§ 366, subd. (a).) Section 366.21, subdivision (e) is the specific statute governing the first six-month review hearing. Under section 366.21, subdivision (e), the court is required to return the child to the physical custody of the parent unless the court finds that

---

[2]Kimberly additionally argues she has not waived her right to reunify with her child by signing a form waiving her right to a contested hearing at the dispositional hearing. The court did not find that she had waived her right to reunify. Nor does the Agency make such an argument.

return of the child would create a substantial risk of detriment to the child. Moreover, if the court finds there is a substantial probability that a child who was under the age of three at time of removal may be returned to his parent within six months, the court shall continue the case to the 12-month permanency hearing. The court must also make appropriate findings under subdivision (a) of section 366.

Kimberly sought a contested hearing on the substantial probability of return within the next six months. Parents generally have a right to a contested hearing on issues to be determined by the court. However, section 366.21, subdivision (e) provides it does not apply where the court has ordered that reunification service shall not be provided under section 361.5. As to Kimberly, therefore, the substantial probability of return within six months was not in issue and no contested hearing was required.

*In re Joshua M., supra*, 66 Cal.App.4th 458 does not imply otherwise. In that case the juvenile court denied services to the father under section 361.5, subdivision (b)(10) and (12), but ordered services for the mother. The father contended section 361.5, subdivision (b) violated constitutional guarantees of due process and equal protection because it discriminated against indigent parents. This court upheld the denial of services concluding subdivision (b) of section 361.5 comported with both procedural and substantive due process and did not violate equal protection principles. (66 Cal.App.4th at pp. 473, 476.) In our discussion, we noted that the father would have an opportunity to address his drug problems so long as the mother was receiving services and that even without reunification services the father could potentially reestablish contact and visitation and open other avenues to reunification. (*Id.* at p. 476 and fn. 8.)

Our opinion simply affirmed that if services are being provided to one parent, the other parent who has been denied services under section 361.5, subdivision (b) has additional time to work toward reunification on his or her own rather than face immediate referral to a section 366.26 hearing. Nothing in *In re Joshua M., supra*, 66 Cal.App.4th 458 suggests a parent who has been denied services is entitled to a contested hearing on substantial probability of return without first filing a section 388 petition.

The juvenile court's refusal to allow a contested hearing on the issue of substantial probability of return absent the filing of a section 388 petition is supported by *In re Marilyn H.* (1993) 5 Cal.4th 295 [19 Cal.Rptr.2d 544, 851 P.2d 826] and *In re Baby Boy L.* (1994) 24 Cal.App.4th 596 [29 Cal.Rptr.2d 654]. Once services are terminated and the court has made a reference to a

section 366.26 hearing, the focus shifts from reunification to the child's needs for permanency and stability. (*In re Marilyn H., supra,* 5 Cal.4th at p. 309.) The burden thereafter is on the parent to show changed circumstances under section 388 in order to revive the reunification issue. (*In re Marilyn H.* at p. 309.) "Requiring the parent to petition the court to hear a challenge to a custody order after reunification services have been terminated does not violate substantive due process." (*Id.* at p. 307.)

In *In re Baby Boy L., supra,* 24 Cal.App.4th 596, a mother's whereabouts were unknown and she was denied services under section 361.5, subdivision (b)(1). The mother later appeared at a review hearing requesting reunification services be instituted. (24 Cal.App.4th at p. 601.) The juvenile court denied a contested hearing in the absence of a section 388 petition and referred the matter for selection and implementation of a permanent plan. (24 Cal.App.4th at pp. 601-602.) The court later freed the child for adoption at the section 366.26 hearing. The appellate court, relying on *In re Marilyn H., supra,* 5 Cal.4th 295, affirmed stating that "[w]hen a child has been removed from parental custody under section 361.5, and the court has determined that reunification services need not be offered or should be terminated, . . . it is not unduly burdensome to shift the burden to the parent to file a petition based upon changed circumstances, in order to have the child returned." (*Baby Boy L., supra,* 24 Cal.App.4th at p. 609.)

The court's ruling denying a contested hearing absent a section 388 hearing is also consistent with rules of statutory construction. As discussed previously, section 366.21, subdivision (e), which requires a finding on substantial probability of return at the six-month hearing, unequivocally states it does not apply if a parent was denied reunification services under section 361.5. Absent a showing of a change of circumstances, return or the substantial probability of return within the next six months to such a parent is not a matter to be considered at the review hearing.

Denial of a contested hearing is also consistent with the public policy underlying dependency proceedings to provide children with a safe, stable permanent home in a *timely* manner. (See *In re Marilyn H., supra,* 5 Cal.4th at p. 308; *In re Joshua M., supra,* 66 Cal.App.4th at p. 474.) Once reunification services have been terminated or denied, this purpose becomes the primary focus of the proceedings. (*In re Marilyn H., supra,* 5 Cal.4th at pp. 308, 309.) Here, if services had not been provided to the father, the matter would have been referred to a section 366.26 hearing upon denial of services to Kimberly at the dispositional hearing. To allow Kimberly to further delay reference to such hearing without any showing of changed circumstances

would defeat the purpose of timely providing Isaiah with a permanent and safe home. As indicated by the juvenile court referee, Kimberly may file a section 388 petition to determine whether changed circumstances warrant further consideration for the return of Isaiah.

## DISPOSITION

The petition is denied.

Kremer, P. J., and Benke, J., concurred.